**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **TRUSTEES OF OHIO BRICKLAYERS HEALTH AND WELFARE FUND**<br>P.O. Box 645652<br>Cincinnati, OH 45215 | ) ) ) ) ) | CASE NO. 1:20-CV-200<br><br>JUDGE |
| and | ) ) | |
| **TRUSTEES OF OHIO BRICKLAYERS PENSION FUND**<br>P.O. Box 645652<br>Cincinnati, OH 45215 | ) ) ) ) ) | |
| and | ) ) | |
| **BRICKLAYERS AND ALLIED CRAFTWORKERS DISTRICT COUNCIL OF WEST VIRGINIA**<br>19 Middletown Road<br>White Hall, WV 26554 | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES** |
| vs. | ) ) | |
| **NATERNICOLA'S MASONRY, LLC**<br>626 Maryland Avenue<br>Fairmont, WV 26554 | ) ) ) ) | |
| and | ) ) | |
| **KIRK NATERNICOLA**<br>626 Maryland Avenue<br>Fairmont, WV 26554 | ) ) ) ) | |
| Defendants. | ) ) | |

1. This action is brought by the Trustees of the Ohio Bricklayers Health and Welfare Fund and Trustees of the Ohio Bricklayers Pension Fund (collectively "Funds"), and Bricklayers and Allied Craftworkers District Council of West Virginia ("Union"), pursuant to Section 301 of

the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and Sections 409(a), 502(a)(3), (e), (f), & (g) and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§1109, 1132a)(3), (e), (f), and (g) and 1145.

2. The Funds are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), which are maintained pursuant to the collective bargaining agreements between Naternicola's Masonry, LLC ("the Company") and the Union. The Funds are trust funds established in accordance with Section 302 of the LMRA, 29 U.S.C. § 186, for the purpose of providing health care, pension, and related benefits for participants and their dependents.

3. The Funds bring this action by and through their trustees. These trustees are fiduciaries within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21). The Funds are located in Hamilton County, Ohio.

4. The Union is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

5. The Company is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7).

6. Defendant Kirk Naternicola is an owner and officer of the Company and is a fiduciary within the meaning of ERISA, 3(21), 29 U.S.C. §1002(21).

7. Venue and jurisdiction are properly conferred upon this Court by 28 U.S.C. §§1331, 1367, and 29 U.S.C. §1132(e).

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENTS AND PLAN DOCUMENTS

8. The foregoing paragraphs are incorporated by reference.

9. The Company is signatory to and bound by the Statewide Agreement for Non-Association Employers ("Statewide Agreement"), which the Company signed on or about January 12, 2010, and which continues in effect absent either party's timely written notice of termination or negotiation and signing of a new agreement. A true copy of the Statewide Agreement is attached hereto as Exhibit A.

10. The Statewide Agreement requires the Company to abide by the wage and benefits provisions that are set forth in local union collective bargaining agreements between contractors' associations and the Union, and its affiliated Local Unions 1, 5, 6, 9, 11, and 15.

11. By signing the Statewide Agreement, the Company was bound to pay contributions and otherwise abide by the terms of the collective bargaining agreements for work done in the geographic jurisdiction of each Local Union. The Local Union CBAs are not attached hereto due to their length and the fact that all parties to this case are party to the CBAs and have copies of them.

12. The Company agreed to submit timely and accurate monthly reports to the Funds with respect to all its employees performing covered work and to make contributions to the Funds in accordance with the terms and conditions of the Local Union CBAs.

13. Although the Company performed work for which contributions were owed, the Company failed to submit reports and contributions to the Funds in accordance with the terms and conditions of the Local Union CBAs and/or the Funds' plan documents for work covered by the Local Union CBAs.

14. Each failure by the Company to submit the required reports and contributions to the Funds in a timely manner is a breach of the Local Union CBAs and/or the Funds' plan documents. Each such breach violates both Section 515 of ERISA (29 U.S.C. §1145) and Section 301 of the LMRA (29 U.S.C. § 185).

15. When the Company fails to make timely contribution payments, it is required to pay liquidated damages and interest as calculated by the Funds pursuant to the Local Union CBAs, the Funds' plan documents, and the Employer Delinquency Procedures adopted by the Fund Trustees.

16. Pursuant to the Local Union CBAs, the Funds' plan documents, the Employer Delinquency Procedures, and ERISA, the Company is obligated to pay reasonable attorneys' fees and costs (including but not limited to audit fees and costs) incurred in collecting delinquent contributions, liquidated damages, and interest.

17. During the period October 2019 to present, the Company has failed to submit reports and pay contributions to the Funds, and, therefore, is liable for contributions, liquidated damages, interest, attorneys' fees, and costs.

18. The Company has also failed to pay dues to the Union as required by the terms of the Local Union CBAs.

## COUNT II
## BREACH OF FIDUCIARY DUTY

19. The foregoing paragraphs are incorporated by reference.

20. The Funds' plan documents provide that delinquent contributions are the Funds' assets when due and owing.

21. Defendant Kirk Naternicola at all relevant times was the owner and officer of the Company.

4

22. Defendant Kirk Naternicola at all relevant times had the authority to obligate the Company.

23. Defendant Kirk Naternicola was at all relevant times the principal officer of the Company and responsible for obligations of the Company.

24. Defendant Kirk Naternicola had authority to spend money on behalf of the Company and had the authority to make decisions about how the Company spent its money.

25. Defendant Kirk Naternicola chose to pay other creditors, rather than pay the money owed to the Funds.

26. By exercising authority and control over the Company's delinquent contributions that were owed to the Funds, defendant Kirk Naternicola was a fiduciary pursuant to the Funds' plan documents, as well as under Section 3(21)(A)(i) of ERISA, 29 U.S.C. §1002(21)(A)(i). As a fiduciary, defendant Kirk Naternicola owed fiduciary duties to the Funds and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§1104(A), 1106), and 1108.

27. Defendant Kirk Naternicola breached his fiduciary duties by failing to remit employer contributions to the Funds and by diverting such contributions for other purposes. In doing so, defendant Naternicola failed to discharge his fiduciary duties with respect to the Funds by not acting solely in the interest of the participants and beneficiaries:

   i. in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and

   ii. causing the Funds' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the plan documents.

28. By the aforementioned acts, errors and omissions described herein, defendant Kirk Naternicola breached his fiduciary duties with respect to the Funds.

29. Pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109, defendant Kirk Naternicola is personally liable to make good to the Funds' participants for all losses resulting from such breaches.

<u><b>COUNT III</b></u><br><u><b>PROHIBITED TRANSACTION UNDER ERISA</b></u>

30. The foregoing paragraphs are incorporated by reference.

31. Defendant Kirk Naternicola is a fiduciary and party in interest, as defined by ERISA Section 3(21) and (14), 29 U.S.C. §1002(21) and (14).

32. Defendant Kirk Naternicola permitted the diversion or lending of employer contributions from the Funds for his own interest and for the benefit of a party in interest, the Company, which is a prohibited transaction under ERISA in violation of Section 406(a) and (b) of ERISA, 29 U.S.C. §1106(a) and (b).

**WHEREFORE**, Plaintiffs demand the following:

1) An order granting judgment in favor of the Funds and against the Company on Count I as follows:

   a. A declaratory order that the Company violated the Local Union CBAs by failing to report as required by the CBAs, failing to pay contributions, and failing to pay liquidated damages, and interest;

   b. An order requiring the Company to submit all missing contribution reports and to timely submit all such reports in the future;

    c.    A monetary judgment against the Company for all unpaid contributions, interest, and liquidated damages owed under all missing contribution reports;

    d.    A permanent injunction against the Company pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. §1145, with respect to all Funds;

    e.    Reasonable attorneys' fee and costs (including, but not limited to, audit fees and costs) incurred in this action as mandated by the CBAs, plan documents, and 29 U.S.C. §1132(g); and

    f.    Post-judgment interest pursuant to 28 U.S.C. §1961.

2) An order granting judgment in favor of the Union and against the Company on Count I for all unpaid dues, late fees, interest, and any other amounts due and owing under the Union CBAs;

3) An order granting judgment against defendant Kirk Naternicola on Counts II and III as follows:

    a.    An order finding that Kirk Naternicola breached his fiduciary duty to the Funds;

    b.    An order finding that Kirk Naternicola engaged in prohibited transactions under ERISA;

    c.    An order that Kirk Naternicola is personally liable as well as jointly and severally liable to the Funds for all losses resulting from such fiduciary breach and prohibited transactions, including delinquent contributions,

        liquidated damages, interest, attorneys' fees, and costs, as provided by the Local Union CBAs, plan documents, and ERISA;

    d.    A monetary judgment against Kirk Naternicola for all unpaid contributions, interest and liquidated damages owed under all missing contribution reports;

    e.    Reasonable attorneys' fees and costs incurred in this action as mandated by the Local Union CBAs, plan documents, and 29 U.S.C. §1132(g); and

    f.    Post-judgment interest pursuant to 28 U.S.C. §1961.

4)    An Order awarding such other legal or equitable relief that this Court may deem necessary and appropriate, including judgment for any contributions, and/or any interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting delinquency assessments thereon.

    Respectfully submitted,

**GOLDSTEIN GRAGEL LLC**

/s/ Richard L. Stoper, Jr.
Joyce Goldstein (#0029467)
*jgoldstein@ggcounsel.com*
Richard L. Stoper, Jr. (#0015208)
*rstoper@ggcounsel.com*
1111 Superior Avenue East, Suite 620.
Cleveland, Ohio 44114
(216) 771-6633
(216) 771-7559  (fax)

Counsel for Plaintiffs